UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GEORGE JURICH,

        Petitioner,

v.                                                    CASE NO. 10-12091
                                                      HONORABLE DENISE PAGE HOOD
MICHAEL B. DONLEY,

        Respondent.

_____/

## ORDER TRANSFERRING THE HABEAS PETITION TO THE
## COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION

### I. BACKGROUND

Petitioner George Jurich is a state prisoner at Gus Harrison Correctional Facility in

Adrian, Michigan. He has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241.

The petition challenges Jurich's 1985 convictions and life sentence for first-degree murder

and conspiracy to commit murder. The Michigan Court of Appeals affirmed Petitioner's

convictions, and the Michigan Supreme denied leave to appeal.

In 2002, Petitioner filed a federal habeas corpus petition challenging the same

convictions for first-degree murder and conspiracy to commit murder. United States District

Judge Avern Cohn dismissed the petition because it was barred from review by the one-

year statute of limitations. *See Jurich v. McLemore*, No. 02-cv-70074 (E.D. Mich. July 25,

2002). The United States Court of Appeals for the Sixth Circuit denied Petitioner's request

for a certificate of appealability, *see Jurich v. McLemore*, Nos. 02-2284 and 02-2450 (6th

Cir. Aug. 1, 2003) (unpublished), and on February 23, 2004, the United States Supreme

Court denied Petitioner's application for a writ of certiorari.  *See Jurich v. McLemore*, 540 U.S. 1194, 124 S. Ct. 1447, 158 L. Ed. 2d 106 (2004).

Petitioner filed the pending petition on May 25, 2010.  His claims are:

I.      Petitioner was denied his 5th and 14th Amendment due process protections when the Air Force failed to follow its own regulations and Department of Defense directives, resulting in a failure to assert its jurisdiction or formally waive its mandated requirement.

II.     Where concurrent jurisdiction exists, a violation of Petitioner's substantial rights during the civilian trial requires military authorities to take jurisdiction of the military Petitioner since this becomes a miscarriage of justice and devoids (sic) the jurisdiction of the civilian tribunal.  U.S. Const. Ams 5, 14.

## II.  DISCUSSION

As noted, this is Petitioner's second petition for the writ of habeas corpus.  An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition.  *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the Court of Appeals, the district court must transfer the case to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1]  *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

_____

[1]  Section 1631 provides in pertinent part that:

[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

Petitioner apparently believes that, by filing his petition under 28 U.S.C. § 2241, he can avoid the procedural requirements of habeas petitions filed under 28 U.S.C. § 2254. The Court of Appeals, however, has stated that the habeas petitions of state prisoners are governed by 28 U.S.C. § 2254, regardless of the label on the statutory underpinning for the petition. *Byrd v. Bagley*, 37 Fed. Appx. 94, 95 (6th Cir. 2002). Petitioner's newest petition therefore is governed by the requirements for petitions filed under 28 U.S.C. § 2254. *Id.* Petitioner cannot "avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254." *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (citing *Greenawalt v. Stewart*, 105 F.3d 1287, 1287-88 (9th Cir. 1997)). And because Petitioner has not acquired authorization from the Court of Appeals to file another habeas petition challenging the same convictions, the Clerk of Court is **ORDERED** to transfer this case to the Court of Appeals as a second or successive petition.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 23, 2010

I hereby certify that a copy of the foregoing document was served upon George Jurich, Reg. No. 179066, Gus Harrison Correctional Facility, 2727 E. Beecher St., Adrian, MI 49221 on June 23, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager